## Knickerbocker Ice Company v. Kirkpatrick et al.

1. MECHANICS' LIEN—*A Statutory Remedy.*—As a mechanics' lien and the manner of its enforcement are purely matters of statutory regulation, the statute must be complied with.

2. MECHANICS' LIEN—*A Statutory Remedy—Application of the Law.*—The Knickerbocker Ice Company furnished brick, lime and cement to one Rogan for a building, which Rogan, under a contract with Kirkpatrick, built for him. The company served a notice upon Kirkpatrick pursuant to Sec. 30 of chapter 82, R. S., entitled "Liens," and the next day filed his petition for a lien. Section 37 of the same act provides that "if the money due to the person giving such notice shall not be paid within ten days after service thereof, or within ten days after the money shall become due and payable, and if any money shall then be due from such owner to the original contractor, such person may file his petition and enforce his lien," etc. *It was held,* that the petition was prematurely filed.

Knickerbocker Ice Co. v. Kirkpatrick.

**Memorandum.**—Mechanics' liens. In the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Petition for lien; answer; hearing upon demurrer; petition dismissed; appeal by petitioner. Heard in this court at the March term, 1893, and affirmed. Opinion filed August 4, 1893.

The opinion states the case.

ISRAEL COWEN, attorney for appellant.

APPELLEES' BRIEF, FRANK F. DOUGLASS AND A. B. JENKS, ATTORNEYS.

The law is well settled that the statute which gives a mechanic or sub-contractor a lien is in derogation of the common law, and must be strictly construed, and no person can have a lien under it unless a clear compliance with the requirements of the statute is shown. Butler & McCracken v. Gain, 128 Ill. 27; Belanger v. Hersey et al., 90 Ill. 70.

The statute does not give to a sub-contractor a lien absolutely, without notice to the owner of the rights of such sub-contractor, and a sub-contractor claiming a lien must give the owner notice, when the owner has not received the sworn statement from the original contractor. Butler & McCracken v. Gain, 128 Ill. 27.

The thirty-seventh section of the statute relating to mechanics' liens is as follows: " If the money due to the person giving such notice shall not be paid within ten days after service thereof, as aforesaid, or within ten days after the money shall become due and payable, and any money shall then be due from such owner to the original contractor, then such person may file his petition and enforce his lien, in the same manner as is hereinbefore provided in case of original contractors, or he may sue the owner and contractor jointly for the amount due him, in any court having jurisdiction of the amount claimed to be due, and a personal judgment may be rendered thereon, as in other cases."

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The case made by the appellant is that it furnished brick, lime and cement to one Rogan for a building that he, under

a contract with the appellee named above, built for her. That January 30, 1890, it served upon her a notice pursuant to section 30 of the lien act, and the next day filed this petition for a mechanics' lien.

The question is whether the suit is premature. Such a notice is a condition precedent to a lien by one who furnishes material to a contractor, except in case the owner has received from the contractor a statement under section 35. If the owner has received such statement the statute does not, in terms, prescribe how or when the material man may enforce his lien, and we shall not attempt a solution of that question.

But where the notice is given, as was done here, section 37 provides that "if the money due to the person giving such notice shall not be paid within ten days after service thereof, * * * or within ten days after the money shall become due and payable, and any money shall then be due from such owner to the original contractor, then such person may file his petition and enforce his lien," etc.

If no money is then, but thereafter becomes due to the original contractor, another question may arise, not presented by this record, as to when the petition may be filed.

The alternative of ten days after notice, or ten days after due, is for the ease of the owner; that he shall have ten days, at least, in which to pay, and if the money is not due from the contractor when the notice is served, then ten days after it is due. The petition was filed too early.

As the lien and the manner of its enforcement are purely matters of statutory regulation, the statute must be complied with. The decree dismissing the petition is affirmed.